**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KYLE BUTLER RASHLEY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>MINDSTATE MANAGEMENT LLC, DBA ELEVARUS,<br><br>*Defendant.* | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Kyle Butler Rashley brings this action alleging a violation of the TCPA for contacting his number that he placed on the National Do Not Call Registry.

4. Mr. Rashley and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Mr. Rashley brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

5. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff is an individual located in this District.

7. Defendant is a limited liability company.

**Jurisdiction & Venue**

8. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. The Court has personal jurisdiction over the Defendant because they made calls to Plaintiff in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Mr. Rashley—occurred to this District.

**Statutory Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

<u>Calls to Mr. Rashley</u>

17. Mr. Rashley is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Mr. Rashley's telephone number, (561) XXX-XXXX has been on the National Do Not Call Registry since 2022.

19. That telephone number is for personal calls only.

20. That telephone number is the Plaintiff's residential line.

21. That telephone number is not used for business purposes.

22. Despite this, the Plaintiff received several telemarketing calls from the Defendant including on at least March 27 and 31, 2025 and June 10, 2025.

23. The calls were sent in the form of text messages.

24. Two of the text messages are below:

<u>Text 1</u>

Hi John this is Sean with Claro Health Insurance. I am following up on your request for a quote for health insurance,

How much are you currently paying per month? You may reply with STOP to unsubscribe

<u>Text 2</u>

Hi John, this is Sean with Claro Health Insurance.

Just following up—based on your quote request, you could save up to 80% on your health coverage.

One of our agents will be calling shortly to review your options and confirm a few quick details.

25. The Plaintiff made no request for information or a quote.

26. The phone number used to send the text messages was (786) 802-7460.

27. A subpoena to Twilio, who owns the Caller ID number used to transmit the message identified the Defendant as the customer of Twilio associated with the phone number during the relevant timeframe.

28. As such, it was the Defendant who transmitted these text messages, or did so on behalf of another entity.

29. The Plaintiff never provided his prior express written consent to receive telemarketing calls from the Defendant.

30. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

43. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of class of all other persons or entities similarly situated throughout the United States.

44. The class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

45. Excluded from the class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

47. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

48. Plaintiff is a member of the class.

49. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether the Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

b. Whether the Defendant placed calls without obtaining the recipients' prior consent for the call; and

c. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

50. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

51. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52. In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

53. The actions of the Defendant are generally applicable to the class and to the Plaintiff.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

**<u>Legal Claims</u>**
**Count One:**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58. Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**<u>Relief Sought</u>**

For themselves and all class members, Plaintiff request the following relief:

A. Certification of the proposed class;

B. Appointment of the Plaintiff as representatives of the class;

C. Appointment of the undersigned counsel as counsel for the class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the class of damages, attorneys' fees, and costs, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Jury Trial Demand**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 22nd day of October, 2025.

Respectfully submitted,

*/s/ Avi. R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed Class*